UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EZEQUIEL LOPEZ CRUZ,

          Petitioner,

    v.

PAMELA BONDI; and BRUCE
SCOTT,

          Respondents.

C26-0495 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus, docket no. 4, and a motion for a temporary restraining order ("TRO"), docket no. 7. Having reviewed all papers filed in support of, and in opposition to, the habeas petition and the motion for a TRO, the Court enters the following Order.

**Background**

Petitioner Ezequiel Lopez Cruz is a citizen of Estados Unidos Mexicanos (Mexico) who entered the United States as a minor, without being admitted or paroled, and was granted relief, beginning in March 2013, under the Deferred Action for Childhood Arrivals ("DACA") program.  *See* Leyba Decl. at ¶¶ 3–4 (docket no. 10). According to respondents, petitioner's DACA (deferred removal) status ended in

ORDER - 1

July 2021 after he failed to renew it. *Id.* at ¶ 5. Petitioner disputes this assertion. *See* Traverse at ¶ 12 (docket no. 13).

In September 2025, petitioner was charged in Clark County Superior Court with felony domestic violence ("DV") offenses, arraigned, and released on bail of $20,000. *See* Leyba Decl. at ¶ 9 (docket no. 10); Ex. B to Lambert Decl. (docket no. 11-2 at 4); Clark Cnty. Superior Ct. Case No. 25-1-02262-06 (https://odysseyportal.courts.wa.gov/ODYPORTAL). In November 2025, U.S. Customs and Border Patrol ("CBP") agents, who had been surveilling petitioner from their vehicles for over an hour, arrested him just outside his home in Woodland, Washington, after a skirmish during which he was injured.[1] Ex. B to Lambert Decl. (docket no. 11-2 at 3–4). Petitioner was then placed into the custody of U.S. Immigration and Customs Enforcement ("ICE") and transported to the Northwest ICE Processing Center ("NWIPC"), where he is currently housed. *Id.* (docket no. 11-2 at 3); Leyba Decl. at ¶ 11 (docket no. 10).

On January 14, 2026, an immigration judge denied petitioner's application for cancellation of removal under Immigration and Nationality Act ("INA") § 240A(b)(1) and ordered petitioner removed to Mexico.[2] Ex. D to Lambert Decl. (docket no. 11-4). Petitioner has sought review by the Board of Immigration Appeals ("BIA"), and thus, the

---

[1] Petitioner does not contend that he was not furnished with adequate treatment for his injury or that he has not received appropriate medical care since his arrest.

[2] According to the immigration judge's check-box-form of order, petitioner withdrew with prejudice his applications for asylum, withholding of removal under INA § 241(b)(3) and the Convention Against Torture ("CAT"), and deferral of removal under the CAT. Ex. D to Lambert Decl. (docket no. 11-4).

ORDER - 2

removal order is not yet final.[3]  Leyba Decl. at ¶ 15 (docket no. 10).  On January 22, 2026, another immigration judge denied petitioner's request for a change in custody status, concluding that petitioner is mandatorily detained pursuant to INA § 235(b)[4] and, in the alternative, denying bond on the grounds that petitioner presents a danger to the community and a flight risk.  Ex. E to Lambert Decl. (docket no. 11-5).  Petitioner has reserved the right to appeal these bond hearing rulings.  Leyba Decl. at ¶ 16 (docket no. 10).  Acting pro se, petitioner now seeks release pursuant to a writ of habeas corpus or a TRO.

**Discussion**

The Court's authority to grant a writ of habeas corpus extends to any individual who is in custody "in violation of the Constitution or law or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3).  Petitioner has not made the requisite showing of unlawful confinement.  He does not present any cognizable challenge to the immigration judge's

---

[3] Thus, petitioner is not yet entitled to relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001), in which the U.S. Supreme Court held that if, after the presumptively reasonable six-month period following entry of a final removal order, the individual at issue cannot be removed from the United States, the noncitizen is entitled to habeas relief if (i) he or she provides "good reason to believe" that "no significant likelihood" exists of "removal in the reasonably foreseeable future," and (ii) the habeas respondent fails to rebut this contention.  *Id.* at 701.

[4] As acknowledged by respondents, *see* Return at 6 (docket no. 9), the immigration judge's determination that petitioner is subject to mandatory detention under INA § 235(b) was inconsistent with the relevant jurisprudence.  *See Mena Torres v. Wamsley*, 807 F. Supp. 3d 1266 (W.D. Wash. 2025); *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), *appeal filed*, No. 25-6842 (9th Cir. Oct. 28, 2025); *see also Bautista v. Santacruz*, --- F. Supp. 3d ---, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026) (vacating *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)), *appeal filed*, No. 26-1044 (9th Cir. Feb. 23, 2026).

ORDER - 3

denial of bond for community safety and flight risk reasons,[5] and he does not offer any basis for excusing him from the requirement that he exhaust administrative remedies by appealing to the BIA.  *See Martinez v. Scott*, No. 25-cv-1538, 2025 WL 2689844, at *4 (W.D. Wash. Aug. 27, 2025) (setting forth the standards for applying the prudential exhaustion doctrine), *adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

Rather, petitioner contends that his warrantless arrest was unconstitutional.  *See* Pet. at ¶¶ 9–10 (docket no. 4).  "Except at the border and its functional equivalents," a warrantless stop for immigration purposes requires "specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion" that the person being stopped is "illegally in the country."  *United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975).  Reasonable suspicion must be assessed "upon the totality of the circumstances," and it must be "*particularized*," meaning that it must be a reasonable suspicion that "*the particular person being stopped* has committed or is about to commit a crime."  *United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (emphasis in original).  In this matter, the Court is persuaded that the CBP agents who arrested petitioner had reasonable suspicion to approach him outside his residence and probable cause to arrest him.  They knew his immigration history in advance of the arrest, observed him for over an hour driving a car registered to his mother and returning to a residence that was under surveillance, and made a positive identification of petitioner

---

[5] As a result of his detention at the NWIPC, petitioner failed to appear for a hearing related to the felony DV charges in Clark County Superior Court, and a bench warrant for his arrest, with bail set at $40,000, is now outstanding.  *See* https://odysseyportal.courts.wa.gov/ODYPORTAL.

ORDER - 4

from his photographs and a neck tattoo before announcing themselves while petitioner was walking from the vehicle toward the home.  *See* Ex. B to Lambert Decl. (docket no. 11-2 at 3).  A foot chase ensued, and petitioner was taken to the ground and into custody.  *Id.*

Petitioner does not dispute the facts related to his arrest, except to (i) assert that he continues to be a DACA beneficiary, and (ii) accuse ICE of "perpetrating Fraud upon the Court."  *See* Traverse at ¶¶ 9 & 12 (docket no. 13).  With regard to the first contention, the Court concludes that the CBP agents who arrested petitioner reasonably relied on the immigration and criminal history information they were provided, even if erroneous as to petitioner's DACA status.  As to the second issue, the Court declines to further consider petitioner's unsupported and unexplained allegation of fraud.  Petitioner is not entitled to habeas relief based on the nature of his arrest, and his habeas petition is DENIED.  Thus, the Court need not address respondents' argument that the Court lacks jurisdiction over petitioner's Fourth Amendment claim.  In addition, in light of the Court's decision, which reflects a current unlikelihood of success on the merits of petitioner's habeas petition, *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standards for a TRO and a preliminary injunction are equivalent), petitioner's motion for a TRO is also DENIED.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)    Both the petition for a writ of habeas corpus, docket no. 4, and motion for a temporary restraining order, docket no. 7, are DENIED.

ORDER - 5

(2)     The Clerk is directed to enter judgment consistent with this Order, to send a copy of this Order and the Judgment to all counsel of record and petitioner pro se, and to close this case.

IT IS SO ORDERED.

Dated this 24th day of March, 2026.

_____
Thomas S. Zilly
United States District Judge

ORDER - 6